THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MICHAEL JACKSON,**  **PLAINTIFF**
**#122135**

v.  Case No. 4:25-cv-00262-KGB

**JAMES GIBSON,** *et al.*  **DEFENDANTS**

## ORDER

Before the Court is the Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 6). Plaintiff Michael Jackson has filed objections to the Recommendation and a motion for status update and copies (Dkt. Nos. 7; 8). After careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects and that Mr. Jackson's motion for status update and copies should be granted (Dkt. Nos. 6; 8).

Mr. Jackson filed a *pro se* complaint and amended complaint under 42 U.S.C. § 1983 (Dkt. Nos. 2; 5). Judge Volpe recommends that the Court dismiss without prejudice Mr. Jackson's complaint and amended complaint on screening because Mr. Jackson has not stated a claim upon which relief may be granted (Dkt. No. 6, at 2–4).

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Jackson*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Liberally construing Mr. Jackson's complaint and amended complaint, Judge Volpe found that Mr. Jackson asserted that defendants violated his due process rights and subjected him to cruel and unusual punishment when they wrongfully found him guilty of a disciplinary charge, held him in isolation for 52 days, and suspended his contact visitation rights without notice and in violation of Arkansas Division of Correction ("ADC") rules (Dkt. No. 6, at 2–3). Judge Volpe determined that Mr. Jackson did not state a viable due process claim because he had no liberty interest implicated by the disciplinary proceeding (*Id*.). Additionally, Judge Volpe concluded that Mr. Jackson had no claim based on defendants' violation of ADC policy when they suspended his contact visitation privileges for one year (*Id*.). This Court concurs.

In his objections, Mr. Jackson reiterates allegations made in his complaint that his disciplinary proceeding was based on "falsified documents," that the investigating officer and hearing officer did not view camera footage, that the investigating officer did not conduct a computerized voice analysis, and that the hearing officer only relied on falsified documents in

making her determination (Dkt. No. 7, at 1).  Mr. Jackson's allegations of due process violations in the disciplinary hearing process are inadequate to state a constitutional violation, however, because, as Judge Volpe found in his Recommendation, Mr. Jackson had no liberty interest to implicate the due process clause.

A prisoner may maintain a due process challenge to a prison disciplinary proceeding only if he is deemed to have a liberty interest at stake.  *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003).  Here, Mr. Jackson has not met his burden to establish a liberty interest because a prisoner does not have a liberty interest in avoiding disciplinary segregation or the suspension of privileges for a period of days since these sanctions do not create an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life."  *See Ballinger v. Cedar Cnty, Mo.*, 810 F.3d 557, 562–563 (8th Cir. 2016) (finding no atypical hardship where a prisoner was held in solitary confinement for one year with reduced access to showers, telephones, exercise, and social interaction); *Portley-El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (holding that 30 days in punitive segregation was not an atypical and significant hardship under *Sandin*). Additionally, prisoners do not have a liberty interest in maintaining a particular classification level or in keeping commissary, phone, or visitation privileges.  *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Smith*, 954 F.3d at 1082; *Persechini v. Callaway*, 651 F.3d 802, 807, n.4 (8th Cir. 2011).

In his objections, Mr. Jackson states that he has provided proof that officers violated their own policy and procedure by not permitting him contact visitation privileges.  However, as Judge Volpe pointed out in his Recommendation Mr. Jackson does not have a constitutional right to contact visitation or to enforce compliance with prison rules (Dkt. No. 6, at 3–4).  *See Harmon v. Auger*, 768 F.2d 270, 273 (8th Cir. 1985) ("an inmate has no constitutional right to contact

3

visitation") (citing *Block v. Rutherford*, 468 U.S. 576 (1984)); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("there is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations.").

The Court determines that Mr. Jackson's objections break no new ground and fail to rebut the Recommendation (Dkt. Nos. 6, 7). The Court overrules Mr. Jackson's objections.

For these reasons, the Court adopts the Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 6). The Court orders that Mr. Jackson's complaint and amended complaints are dismissed without prejudice for failure to state a claim upon which relief may be granted (Dkt. Nos. 2, 5). The Court grants Mr. Jackson's motion for status update and motion for copies (Dkt. No. 8). This Order will serve to give Mr. Jackson a status update, and the Clerk of the Court is directed to send Mr. Jackson a copy of the docket sheet. The Court recommends that, in the future, the dismissal of this action counts as a "strike" within the meaning of 28 U.S.C. § 1915(g). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

It is so ordered this 17th day of June, 2025.

_____
Kristine G. Baker
Chief United States District Judge